IN THE MATTER OF THE ESTATE OF:
BEN TSOSIE, Deceased.

Honorable Tom Tso, Judge presiding.


This is a probate action in which an issue is raised as to whether a life insurance policy is community property; whether the appointment of decedent's brother as the beneficiary of the entire life insurance was proper and legal; and whether the silence of the surviving spouse and children when decedent announced to the family that he had appointed his brother beneficiary of the entire life insurance policy was a waiver of all rights that the surviving spouse and his children has to said life insurance proceeds.

1.	Decedent, Ben Tsosie died intestate on March 1, 1982, at the University of New Mexico Hospital, Albuquerque, New Mexico.

2.	Decedent upon his passing left a widow, two (2) sons and three (3) daughters.

3.	Prior to the death of Ben Tsosie, he was or had been employed by the Navajo Tribe and carried a life insurance policy with a face cash value of $30,000.00. The life insurance was obtained during the decedent's marriage to Tullie Chee Tsosie, C#67,543.

4.	On or about September 25, 1981, decedent appointed his brother, Ben Joe Tsosie, as the named-beneficiary of his life insurance policy.

5.	The premium paid on the decedent's life insurance policy was paid with income received by decedent during his marriage to Tully Chee Tsosie.

6.	On December 25, 1981, Mr. Ben Tsosie came home and informed his family, i.e.: Tullie C. Tsosie, Wilson Tsosie, Susie Larson, Steven Tsosie, Isabel Tsosie, that he had appointed his brother, Ben Joe Tsosie, the named-beneficiary of his life insurance policy. Mr. Tsosie also talked about his death. The family did not respond in any way to his remark because according to the Navajo custom, death is not a pleasant thing to discuss.

7.	Upon the death of the decedent, the National Republic Life Insurance Company paid out $30,000.00 to Ben Joe Tsosie, the named-beneficiary.

8.	Ben Joe Tsosie has spent the full $30,000.00 for his personal uses and there is none left.

## ISSUE #1

WHETHER OR NOT A LIFE INSURANCE POLICY OBTAINED DURING THE MARRIAGE AND THE PREMIUM PAID WITH INCOME RECEIVED BY HUSBAND DURING MARRIAGE IS A COMMUNITY PROPERTY.

In all civil cases the Courts of the Navajo Tribe shall apply any laws of the United States that may be applicable, any authorized regulations of the Interior Department, and any ordinances or customs of the Tribe, not prohibited by such federal laws. 7 NTC Section 204(a), LAW APPLICABLE IN CIVIL ACTION.

Any matters that are not covered by the traditional customs and usage of the Tribe, or by applicable federal laws and regulations, shall be decided by the Courts of the Navajo Nation according to the laws of the state in which the matter in dispute may lie. 7 NTC Section 204(c), LAW APPLICABLE IN CIVIL ACTION.

According to the Navajo Laws all property acquired by either husband or wife during the marriage, except that which is acquired by gift, devise or descent, or earned by the wife and her minor children while she lives separate and apart from her husband, is the community property of the husband and wife. 9 NTC Section 205, COMMUNITY PROPERTY - DEFINITION.

All goods, money, livestock, grazing permits and other real and personal property acquired by the husband and wife during their marriage are community property. On the death of a husband or wife, one-half of the community property goes to the survivor. The one-half is not a part of the probate estate, and cannot be willed away by the decedent. Rule 5, COMMUNITY PROPERTY, RULES OF NAVAJO PRO-BATE PROCEDURE. (Emphasis added).

When we deal with life insurance policy we are dealing with "money". Estate of Apachee, Opinion and Order, No. WR-CV-197-82 October 11, 1983 ... Citation omitted; Estate of Peshlakai, Opinion and Order No. WR-CV-304-82 (December 30, 1982), ... Citation Omitted.

A policy of life insurance whose premiums are paid out of the community property and which insures the life of the husband has been characterized as community property. 15A Am.Jur.2d, Community Property, Section 48 at 671-72.

Since the life insurance policy was obtained by the decedent during his marrage to Tullie Chee Tsosie and the premium on the life insurance policy was paid for with money earned during their marriage, the life insurance policy at issue before this court is a community property of Tullie Chee Tsosie and Ben Tsosie, decedent.

## ISSUE #2

WHETHER THE SILENCE OF TULLIE CHEE TSOSIE TO DECEDENT'S ANNOUNCEMENT THAT HE HAD APPOINTED HIS BROTHER, BEN JOE TSOSIE, AS THE NAMED-BENEFICIARY ON HIS LIFE INSURANCE POLICY, CAN BE CONSTRUED AS A WAIVER TO HER RIGHTS TO THE COMMUNITY PROPERTY OF HERSELF AND HER LATE HUSBAND.

On December 24, 1981, approximately three months before his death, decedent came home and in the presence of his wife, two sons, (Wilson and Steven Tsosie) and two daughters, (Susie and Isabel Tsosie) talked about his death and that he has made his brother, Ben Joe Tsosie, named-beneficiary of his life insurance policy.

There was no response to the statement made by the decedent and no discussion took place between Mr. and Mrs. Tsosie regarding their community property rights at any length.

Mrs. Tsosie did not and never consented to her husband's appointment of his brother as beneficiary of the life insurance policy. When decedent made the statement on 12-24-81, he apparently had already made his brother the named-beneficiary.

On December 24, 1981, Mr. Tsosie was discussing what would happen upon his death. According to the Navajo custom death is not a proper and lively item to discuss. The testimony of the family member was that their sense of tradition prevented them from responding to Mr. Tsosie.

The law of waiver involves people giving up their rights. A waiver is "the voluntary and intentional relinquishment of a known right, claim or privilege." It is also "the intentional surrender of a known right or privilege, such surrender modifying other existing rights or privileges, or varying the terms of a contract." A very important element of the law of waiver is that it means someone giving something up they have a right to, and it is "a voluntary act and implies election by a person to dispense with something of value or forego some right or advantage which he might at his option have demanded and insisted upon." A waiver is not simply someone signing off on document or making an easy agreement to give something up. It requires (1) a distinct waiver of a right; (2) full knowledge of the right which is given up; (3) the fact the person giving the thing up knows his rights; (4) a plain appearance that the person intends to give up the rights; and (5) a voluntary and intentional surrender of rights. Wyaco v. Wyaco, Opinion and Order No. WR-CV-134-82, Window Rock District Court, (March 23, 1983) ... (Citation Omitted).

A waiver must be knowing and intentional. It requires one giving up a right and another having the benefit of that surrender, and there must be a showing of the giving up of a right in an unequivocal manner with an intentional which is understood by the parties. Finally there must be consideration or estoppel to support the waiver. One usually does not surrender a valuable right unless there is something received for it. Wyaco v. Wyaco, Opinion and Order No. WR-CV-134-82 (March 23, 1983) ... (Citation Omitted).

This court cannot stretch at any length to construe Mrs. Tsosie's silence to mean she waived her interest and right in her community interests.

According to Navajo law, Mrs. Tsosie has absolute right to one-half of the life insurance policy and the same is not even subject to probate. Therefore, $15,000.00 of the life insurance policy rightfully belongs to Mrs. Tsosie.

## ISSUE #3

WHETHER THE DECEDENT'S APPOINTMENT OF HIS BROTHER AS THE NAMED-BENEFICIARY OF THE WHOLE PROCEEDS OF THE LIFE INSURANCE WAS PROPER AND LEGAL.

The Court's discussion under Issue #1 and #2 has already implied that it is improper and illegal for decedent to dispose of his surviving spouse's portion of the community property. To that extent it is improper and not lawful for the decedent to appoint his brother the beneficiary of the whole life insurance policy.

The decedent's half of the life insurance policy, i.e. ($15,000) is his and he can will it away or otherwise dispose of it at his will and to that end his appointment of his brother as beneficiary of life insurance policy may be proper.

## ORDER

THEREFORE IT IS HEREBY ORDERED that judgment in the amount of $15,000.00 is entered against Ben Joe Tsosie and in favor of Tullie Chee Tsosie.

IT IS FURTHER ORDERED that this Court will hear the claims of Na Glee Begay and Alexander Tso on the _____ day of _____, 1983, at _____ o'clock ___.m.

SO ORDERED.